IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  10-cv-01854-WYD-KMT

LINDA ROGERS, individually and as sole member of Little Red Hen, LLC, a Colorado limited liability company; and
LITTLE RED HEN, LLC, a Colorado Limited liability company,

     Plaintiffs,

v.

WESCO PROPERTIES, LLC, a Colorado limited liability company;
DOUGLAS WEST, individually and as a managing member of WESCO PROPERTIES, LLC, a Colorado limited liability company;
JANE DOE WEST;
RONALD KOHAN, individually and as a managing member of WESCO PROPERTIES, LLC, a Colorado limited liability company;
JANE DOE KOHAN; and
SAN LUIS VALLEY FEDERAL SAVINGS BANK, a federally chartered savings bank,

     Defendants.

# ORDER

THIS MATTER is before me on Defendants' Motion to Dismiss for Lack of Venue [ECF No. 10], filed August 23, 2010.  I have also considered Plaintiffs' Response [ECF No. 23], filed September 13, 2010 and Defendants' Reply [ECF No. 24].  For the reasons set forth herein, Defendants' motion is denied.

Plaintiffs initially filed this action on September 2, 2009, in the United States District Court for the District of Arizona, asserting among other things, that Defendants have violated the Interstate Land Sales Full Disclosure Act, 15 U.S.C. § 1701, *et seq.*

(*See* ECF No. 1). Shortly thereafter, Defendants filed a motion to dismiss the action, arguing that the District Court of Arizona lacked subject matter jurisdiction and that venue was proper in Rio Grande County, Colorado, pursuant to a forum selection clause in a contract between the parties.

On August 3, 2010, Judge Mary H. Murguia of the District Court of Arizona rejected Defendant's argument that the District Court of Arizona did not have subject matter jurisdiction. (Def.s' Mot. to Dismiss, ECF No. 10, Ex. B). However, Judge Murguia upheld the forum selection clause as valid and concluded that the case should be transferred to the District of Colorado. (*Id.*) The case was thereafter transferred to this District and assigned to me.

Defendants now–for a second time–ask that the case be dismissed for lack of venue. They argue that the forum selection clause between the parties selected Rio Grande County as the proper forum and therefore contend that the case should be dismissed without prejudice to allow Plaintiff to file in Colorado State court. Plaintiffs request that I deny Defendants motion as an improper horizontal appeal of the Arizona Court's decision.

In her order of August 3, 2010, Judge Murguia determined that the District Court of Colorado is the proper venue for this case and determined that "it is in the interest of justice to transfer the case" to this District. (*Id.*) Her ruling is law of the case. *See United States v. Monsisvais*, 946 F.2d 114, 115 (10th Cir.1991) (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)) ("The law of the case 'doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same

issues in subsequent stages in the same case.'") The law of the case doctrine "applies to all issues that were previously decided, whether explicitly or by implication." *Sparks v. Rittenhouse*, 314 F. App'x 104, 108 (10th Cir. Sept. 16, 2008) (unpublished decision) (citing *Rohrbaugh v. Celotex Corp.*, 53 F.3d 1181, 1183 (10th Cir.1995)).  Judge Murguia has already determined that Plaintiffs could have originally brought this action in the District of Colorado, and I agree.  Defendants offer no factual or legal argument in the present motion that would justify altering the law of the case as to venue, and I decline to do so.  In accordance therewith, it is

ORDERED that Defendants' Motion to Dismiss for lack of venue is **DENIED.**

Dated: February 17, 2011

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge