IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10–cv–01854–WYD–KMT

LINDA ROGERS, individually and as sole member of Little Red Hen, LLC, a Colorado limited liability company, and
LITTLE RED HEN, LLC, a Colorado limited liability company,

    Plaintiffs,

v.

WESCO PROPERTIES, LLC, a Colorado limited liability company,
DOUGLAS WEST, individually and as a managing member of WESCO PROPERTIES, LLC, a Colorado limited liability company,
JANE DOE WEST,
RONALD KOHAN, individually and as a managing member of WESCO PROPERTIES, LLC, a limited liability company, and
JANE DOE KOHAN,

    Defendants.

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

**Magistrate Judge Kathleen M. Tafoya**

    This matter is before the court on "Plaintiffs' Motion for Leave to File First Amended Complaint." (Doc. No. 56, filed July 15, 2011 [Mot.].) Defendants filed a response in opposition to Plaintiffs' Motion on August 5, 2011 (Doc. No. 59 [Resp.]) and Plaintiffs filed their reply on August, 22, 2011 (Doc. No. 60). For the following reasons, the court recommends that Plaintiffs' Motion be denied.

Including the time that this case was before the United States District Court for the District of Arizona, this case has now been pending since September 2, 2009.  In general, Plaintiffs allege that Defendants failed to make agreed-upon infrastructure improvements contingent to Plaintiffs' purchase of certain multifamily lots and single family lots located in the Vista Del Rio Planned Unit Development of the Town of South Fork, Colorado.  Plaintiffs now seek to amend their Complaint (Doc. No 2, filed Aug. 4, 2010) to allege (1) an additional claim under the Interstate Land Sales Act, 15 U.S.C. § 1701 *et seq.*, against Defendants West and Kohan personally, (2) claims for federal and state securities fraud, and (3) a claim for unjust enrichment.  Defendants oppose Plaintiffs' Motion because it is untimely.

## LEGAL STANDARD

When a party files a motion to amend after the deadline for amending the pleadings, the court employs a two-step analysis, first determining whether the party has shown good cause to modify the scheduling order under Federal Rule of Civil Procedure 16(b)(4), then evaluating whether the party has satisfied the standard for amendment of pleadings under Federal Rule of Civil Procedure 15(a).  This Court has said that

> Rule 16(b)[4]'s "good cause" standard is much different than the more lenient standard contained in Rule 15(a).  Rule 16(b)[4] does not focus on the bad faith of the movant, or the prejudice to the opposing party.  Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment.  Properly construed, "good cause" means that the scheduling deadlines cannot be met despite a party's diligent efforts.  In other words, this court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension."

*Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001) (internal citations omitted).

Once a party has shown good cause for modifying the scheduling order, it must also satisfy the requirements of Rule 15(a) for amending the pleadings. Under Rule 15(a), a court should allow a party to amend its pleadings "when justice so requires." Fed. R. Civ. P. 15(a). The grant or denial of an opportunity to amend is within the discretion of the court, but "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

## ANALYSIS

Plaintiffs' Motion was filed more than two months after the deadline for amending the pleadings. Specifically, after the parties moved jointly to extend the deadline for amending the pleadings,[1] the court reset the deadline for amending the pleadings to "thirty days after all responsive pleadings have been filed by all parties," per the parties' request. (Doc. No. 32, filed Nov. 30, 2010.) Plaintiffs' "Answer to Counterclaims"—the last filed responsive pleading—was filed on April 8, 2011. (Doc. No. 45.) Consequently, Plaintiff had until May 8, 2011 to file its

---

[1] The deadline for amending the pleadings was initially set for December 2, 2010. (Doc. No. 28, filed Nov. 2, 2010.)

present Motion. Nevertheless, Plaintiffs' Motion was not filed until July 15, 2011—more than 2 months after the deadline to amend the pleadings. As such, it is incumbent upon Plaintiffs to demonstrate good cause to modify the Scheduling Order's deadline for amending the pleadings.

The court finds, however, that Plaintiffs cannot demonstrate good cause for their failure to comply with the deadline to amend the pleadings. Plaintiffs argument that their delay in filing the present Motion was not "undue" is that "Plaintiffs seek to amend their Complaint in large part based on the denials and allegations in Defendants' Answer." (Mot. at 6.) However, Defendants' "Answer and Counterclaims" was filed on March 14, 2011. (Doc. No. 39 [Answer].) Thus, even setting aside Plaintiffs' additional delay of over two months *after* the deadline for amending passed, Plaintiffs had nearly two months *before* the deadline to amend the pleadings expired to review Defendants' Answer.

In a further attempt to at least partially explain their delay, Plaintiffs maintain that they needed the two-month period after the deadline to amend the pleadings expired to "understand the implications of Defendants' answer and counterclaim and to formulate Plaintiffs' own legal response to the Defendants' position to ensure that their amendment was both legally and factually sound." (Reply at 3.) However, it appears that a primary justification for extending the deadline for amending the pleadings to "thirty days after all responsive pleadings have been filed by all parties" (Doc. No. 32), was so that Plaintiffs could conduct just such an inquiry. Moreover, as already discussed, Plaintiffs in fact required over four months to review Defendants' Answer. Plaintiffs have utterly failed to explain why an inquiry that the parties

ostensibly believed would require one month's time—and which Plaintiffs could have permissibly taken nearly two months to complete—ultimately took more than four months.

In any event, even assuming that understanding "the implications of Defendants' answer and counterclaim" and formulating "Plaintiffs' own legal response to the Defendants' position" (Reply at 3) could reasonably take over four month's time, Plaintiffs fail to explain why they did not move for an extension of time to seek amendment; indeed they fail to even acknowledge that they had an obligation to do so. *McMillan v. Wiley,* No. 09–cv-01709-WYD-KLM, 2011 WL 4102278, at * 13 (D. Colo. Sept. 14, 2011). This shortcoming is particularly egregious in this case because the court has thus far granted a number of motions for extension of time, including several extensions of the Scheduling Order deadlines.[2]

Despite this clear lack of diligence, Plaintiffs essentially argue that they should be granted leave to amend their Complaint because Defendants will not be prejudiced if Plaintiffs' Motion is granted. The court acknowledges that the "most important[] factor in deciding a motion to amend the pleadings[] is whether the amendment would prejudice the nonmoving party." *Minter v. Prime Equip. Co.,* 451 F.3d 1196, 1207 (10th Cir. 2006). And Defendants do not contend, nor does the court find, that Defendants will be prejudiced if Plaintiffs' Motion is granted. However, "it is well settled in [the Tenth Circuit] that untimeliness alone is a sufficient reason to deny leave to amend." *Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365 (10th Cir. 1993)

---

[2] Indeed, the court has now granted three separate motions to extend the scheduling order deadlines (*see* Doc. No. 32, filed Nov. 30, 2010; Doc. No. 42, filed Apr. 5, 2011; Doc. No. 50, filed May 31, 2011), as well as a motion for extension of time to respond to the Complaint filed by Defendants (Doc. No. 38, filed Mar. 1, 2011).

(citations omitted). This can be contrasted against the approach employed by other circuits, where "an amendment may be denied for undue delay only if the trial court [also] finds *prejudice,* bad faith, futility, or (in some circuits) a substantial burden on the court." *Minter,* 451 F.3d at 1205 (emphasis added). Thus, the fact that Defendants have not argued that they will be prejudiced does not bar the court from denying Plaintiffs' Motion. *See Frank,* 3 F.3d at 1365-66 (finding that the trial court acted within its discretion by denying leave to amend when the motion for leave was filed four months after the court's deadline for amending the pleadings and there was no adequate explanation for the delay).

Altogether, Plaintiffs clearly failed to comply with the court's order establishing the deadline for amending the pleadings and come up far short of demonstrating good cause for modifying that deadline under Fed. R. Civ. P. 16(b)(4). Overlooking Plaintiffs' lack of diligence by granting their Motion would suggest that the limits that *must* be set on the time to amend the pleadings pursuant to Rule 16(b)(3)(A) can be cavalierly disregarded. The court declines to set such a precedent. Therefore, under these circumstances, the court finds that Plaintiffs' Motion is properly denied.

WHEREFORE, for the foregoing reasons, I respectfully

RECOMMEND that "Plaintiffs' Motion for Leave to File First Amended Complaint" (Doc. No. 56) be DENIED.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342,

1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 4th day of October, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge