IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 10-cv-01854-WYD-KMT

LINDA ROGERS, individually and as sole member of Little Red Hen, LLC, a Colorado limited liability company, and
LITTLE RED HEN, LLC, a Colorado limited liability company,

    Plaintiffs,

v.

WESCO PROPERTIES, LLC, a Colorado limited liability company,
DOUGLAS WEST, individually and as a managing member of Wesco Properties, LLC, a Colorado limited liability company,
JANE DOE WEST,
RONALD KOHAN, individually and as a managing member of Wesco Properties, LLC, a Colorado limited liability company, and
JANE DOE KOHAN,

    Defendants.

_____

**ORDER OVERRULING RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**
_____

THIS MATTER is before the Court in connection with Plaintiffs' Motion for Leave to File First Amended Complaint [ECF No. 56], filed July 15, 2011.  The Motion was referred to United States Magistrate Judge Kathleen M. Tafoya for a recommendation by Order of Reference dated August 6, 2010 [ECF No. 7], and the Memorandum dated July 15, 2011 [ECF No. 57].  Magistrate Judge Tafoya issued a Recommendation on October 4, 2011 [ECF No. 61].  The Recommendation is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), D.C. COLO. LCivR. 72.1.  Magistrate Judge Tafoya recommends that the Motion be denied.

By way of background, I note that this case has been pending since September

2009 when it was filed in the U.S. District Court for the District of Arizona. It was transferred to Colorado on August 4, 2010 because of a forum selection clause in the contract between the parties designating Rio Grande County, Colorado as the place of venue. In the complaint, Plaintiffs allege that Defendants failed to make agreed-upon infrastructure improvements contingent to Plaintiffs' purchase of certain single-family and multifamily lots located in the Vista Del Rio Planned Unit Development of the Town of South Fork, Colorado. Recommendation at 2. In the underlying motion, Plaintiffs seek to amend their Complaint to allege (1) an additional claim under the Interstate Lands Sales Act, 15 U.S.C. § 1701 *et seq.*, against Defendants West and Kohan personally, (2) claims for federal and state securities fraud, and (3) a claim for unjust enrichment. *Id.* Defendants oppose Plaintiffs' Motion because it is untimely. *Id.*

In her Recommendation, Magistrate Judge Tafoya notes the deadline for amending pleadings in this case was set at "thirty days after all responsive pleadings ha[d] been filed by all parties." *Id.* at 3. Since the last responsive pleading was filed on April 8, 2011, Plaintiffs had until May 8, 2011 to file the present Motion. *Id.* at 3-4. Nevertheless, Plaintiffs' Motion was not filed until July 15, 2011—more than two months after the deadline to amend pleadings had past. *Id.* at 4. Plaintiffs' account for the delay by explaining they needed the two month period after the deadline to amend had expired to "understand the implications of Defendants' answer and counterclaim" and formulate a sound legal response. *Id.* Magistrate Judge Tafoya found this explanation inadequate, noting in particular that "Plaintiffs fail[ed] to explain why they did not move for an extension of time to seek amendment . . . [or] to even acknowledge that they had an

obligation to do so." *Id*. at 5 (citing *McMillan v. Wiley*, No. 09-cv-01709-WYD-KLM, 2011 WL 4102278, at *13 (D. Colo. Sept. 14, 2011)). Thus, Magistrate Judge Tafoya recommends that the Motion be denied based on Plaintiffs' untimeliness and inability to demonstrate any "good cause" for the failure to comply with the deadline pursuant to Fed. R. Civ. P. 16(b)(4). *Id.* at 4-6.

Plaintiffs filed a timely Objection to the Report and Recommendations of the Magistrate Judge [ECF No. 62] on October 21, 2011. On November 3, 2011, Defendants filed a Response to the Objection [ECF No.63], and Plaintiffs filed a Reply [ECF No. 64] on November 14, 2011. In the objection, Plaintiffs argue that "refusing leave to amend is only justified upon a showing of undue delay, bad faith, or undue prejudice to the opposing party." Objection at 3 (quoting *Childers v. Indep. Sch. Dist. No. 1 of Bryan County, State of Okla.*, 676 F.2d 1338, 1343 (10th Cir. 1982)). Plaintiffs note that the Defendants do not claim and Magistrate Judge Tafoya did not find that Plaintiffs acted in bad faith or that permitting amendment would prejudice the Defendants. Objection at 3. Rather, Magistrate Judge Tafoya based her decision solely upon the untimeliness of Plaintiffs' motion. Plaintiffs contend that the Tenth Circuit permits the Court to deny a motion to amend "*only* when the party filing the motion has no adequate explanation for the delay." Objection at 4 (quoting *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006)) (emphasis added). In the objection, Plaintiffs again claim they have an adequate explanation for the delay, namely that they needed extra time to formulate their response to Defendant's answers the positions Defendants took during the settlement conference held on April 26, 2011, after the Defendants filed their Answer."

Objection at 4.

When reviewing a magistrate judge's report and recommendation, I must review "de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C).  I must "consider relevant evidence of record and not merely review the magistrate judge's recommendation."  *In re Griego*, 64 F.3d 580, 584 (10th Cir. 1995).  Further, the district judge is given discretion whether to "accept, reject, or modify" the recommended disposition made by the magistrate judge.  Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C).

Reviewing the motion *de novo*, I disagree with Magistrate Judge Tafoya's Recommendation that Plaintiffs' Motion should be denied and instead grant Plaintiffs' motion to amend.  Under Rule 15(a), leave to amend is "within the sound discretion of the trial court," and "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a); *Childers v. Indep. School Dist. No. 1*, 676 F.2d 1338, 1343 (10th Cir. 1982).  The rule's purpose "is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties."  *Minter*, 451 F.3d at 1204.  "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."  *Frank v, U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).  Moreover, the "most important[] factor in deciding a motion to amend the pleadings[] is whether the amendment would prejudice the non-moving party."  *Minter,* 451 F.3d at 1207.

Although Plaintiffs must satisfy the requirements for amendment under Federal Rule Civil Procedure 15(a), the Tenth Circuit "has not yet considered whether Rule 16(b)(4) must be met when motions to amend pleadings would necessitate a corresponding amendment of scheduling orders."  *Rehberg v. City of Pueblo*, 2011 WL 4102287 at *3 (quoting *U.S. ex. rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166).   Therefore, in this Circuit "it is unclear whether a plaintiff seeking to amend an existing pleading after a scheduling order's pleading amendment deadline must meet Rule 16(b)(4)'s 'good cause' requirement."  *Rehberg v. City of Pueblo*, Civil No. 10-cv-00261-LTB-KLM, 2011 WL 4102287, at *3 (D. Colo. Sept. 14, 2011); *but see Pumpco, Inc. v. Schenker Inter., Inc.* 204 F.R.D. 667, 667 (D. Colo. 2001) (describing a two-step analysis where the movant must first demonstrate good cause for seeking the modification to the scheduling order under rule 16(b) and then satisfy the Rule 15(a) requirements for amendment).   Although Magistrate Judge Tafoya utilized the two-step *Pumpco* test, the Tenth Circuit has not yet resolved this issue.   See *Rehberg*, 2011 WL 4102287 at *3.   Therefore, I proceed with my analysis solely under Rule 15(a).

In this case, there is no prejudice to the parties by allowing Plaintiffs to amend the complaint at this time.   Courts typically find prejudice "when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues."  *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1208 (10th Cir. 2006); c*ompare Hom v. Squire*, 81 F.3d 969, 973 (10th Cir.1996) (finding prejudicial a motion "to add an entirely new and different claim to [the plaintiff's] suit little more than two months before trial"), *with Gillette v. Tansy*, 17 F.3d 308, 313 (10th Cir.1994) (finding no

-5-

evidence of prejudice when the "Petitioner's [amended] claims track the factual situations set forth in his [original] claims").   Here, Plaintiffs' new proposed claims arise out of the same set of facts and circumstances that are alleged in Plaintiffs' original Complaint. The new claims are related to the original claims and do not involve new facts.

Furthermore, despite the delay, at the time the motion was filed, the deadlines for discovery and dispositive motions were still several months away and the case had not yet been set for trial.   Contrary to Magistrate Judge Tafoya's assertion, "lateness does not of itself justify the denial of the amendment."   *Minter*, 451 F.3d at 1205; *see also R.E.B., Inc. v. Ralston Purina Co.*, 525 F.2d 749, 751 (10th Cir. 1975) (no abuse of discretion where court granted leave to amend complaint to add new claims five and a half weeks before trial because amendments did not propose substantially different issues).   Only where there is "undue delay," i.e. where the party filing the motion has "no adequate explanation for the delay," is denying a motion to amend appropriate.   *Minter*, 451 F.3d at 1205-06.   Here, Plaintiffs contend they needed the additional time to understand and formulate a response to the positions and counterclaims in Defendants' answer.   I find this to be an adequate explanation.   In the absence of both prejudice to the Defendant and bad faith, I find Plaintiffs have satisfied Rule 15(a)'s requirements for leave to amend.

For the reasons outlined above, the Recommendation of the United States Magistrate Judge, dated October 4, 2011, is **REJECTED**.

Accordingly, it is

ORDERED that Plaintiffs' Motion for Leave to File First Amended Complaint (ECF

No. 56), filed July 15, 2011 is **GRANTED**.   It is

FURTHER ORDERED that Plaintiffs shall re-file as a separate docket entry what was previously submitted as Attachment 1, Exhibit A to Plaintiff's Motion for Leave to File First Amended Complaint [ECF No. 56].

Dated:   March 26, 2012

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge